UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS VAN SICKLE, et al.,

    Plaintiffs,

v.                                            Case No. 12-11837

FIFTH THIRD BANCORP,

    Defendant.
                                       /

**OPINION AND ORDER GRANTING DEFENDANT'S "MOTION FOR
PARTIAL DISMISSAL AND FOR MORE DEFINITE STATEMENT,"
DISMISSING WITHOUT PREJUDICE CLAIMS OF PLAINTIFFS
DOUGLAS VAN SICKLE AND ZUKEY LAKE MARINA INC., AND DIRECTING
PLAINTIFF MUCHO TIEMPO TO FILE A MORE DEFINITE STATEMENT**

Before the court is Defendant Fifth Third Bancorp's ("Fifth Third's") motion for the dismissal of Plaintiffs Douglas Van Sickle's and Zukey Lake Marina Inc.'s (the "Marina's") claims against it for breach of contract and breach of fiduciary duty. Defendant has also moved for Plaintiff Mucho Tiempo Enterprises LLC ("Mucho Tiempo") to file a more definite statement clarifying its claims. The motion has been fully briefed, and the court determines a hearing to be unnecessary. *See* E.D. Mich. LR 7.1(f)(2). Because the trustees of Van Sickle's and the Marina's bankruptcy estates are the real parties in interest entitled to prosecute this action against Fifth Third, the claims asserted by those Plaintiffs will be dismissed. Mucho Tiempo has assented to Fifth Third's request for a more definite statement, so the court will direct it to file one.

## I.  BACKGROUND

According to the complaint, Van Sickle and Scott Wolf are both 50% owners of the Marina and Mucho Tiempo.  (Compl. ¶¶ 9-10, Dkt. # 1.)  In January 2005, Van Sickle and Wolf opened bank accounts for the Marina with Fifth Third's bank branch in Hamburg, Michigan.[1]  (*Id.* ¶ 11.)  While both Van Sickle and Wolf were originally listed as signatories on these accounts, on January 4, 2007, Wolf unilaterally and without Van Sickle's consent executed paperwork removing Van Sickle as a signor.  (*Id.* ¶ 13.)  Van Sickle spent the next several months disputing Wolf's actions and trying to restore his authority over the accounts, to no avail.  (*Id.* ¶¶ 14-15, 17.)  Van Sickle's inability to access the accounts during this period caused the Marina and Mucho Tiempo to default on their debts and obligations, ultimately causing both businesses to fold.  (*Id.* ¶¶ 16-18.)

As referenced in the complaint, (*see id.* ¶ 18), both Van Sickle and the Marina filed for Chapter 7 bankruptcy on January 21, 2010, *see In re Van Sickle*, No. 10-30272 (Bankr. E.D. Mich. filed Jan. 21, 2010); *In re Zukey Lake Marina, Inc.*, No. 10-30271 (Bankr. E.D. Mich. filed Jan. 21, 2010).  Neither Van Sickle nor the Marina listed any claims against Fifth Third in the schedules of assets they presented to the bankruptcy court.  (*See* Van Sickle Am. Schedule B, Def.'s Mot. Dismiss Ex. C, Dkt. # 4-4; Zukey Lake Marina Inc. Schedule B, Def.'s Mot. Dismiss Ex. D, Dkt. # 4-5.)  The bankruptcy

---

[1] As Defendant notes, the complaint alleges that Van Sickle and Wolf opened bank accounts only for the Marina.  (*See* Compl. ¶¶ 11, 21, 35.)  However, subsequent allegations refer to accounts of both the Marina and Mucho Tiempo.  (*See, e.g., id.* ¶¶ 13, 23, 37.)  The uncertainty as to whether this matter involves accounts held by Mucho Tiempo as well as by the Marina should be resolved by the more definite statement that Mucho Tiempo has agreed to provide.

estates of both Van Sickle and the Marina have been fully administered, and the bankruptcy court has discharged their estates' trustee and closed their cases. (*See* Van Sickle Bankr. Docket, Def.'s Mot. Dismiss Ex. A, Dkt. # 4-2; Zukey Lake Marina Inc. Bankr. Docket, Def.'s Mot. Dismiss Ex. B, Dkt. # 4-3.)

On April 24, 2012, Van Sickle, the Marina, and Mucho Tiempo filed the instant action, alleging that Fifth Third's failure to reinstate Van Sickle as a signor on the Marina's and Mucho Tiempo's bank accounts constituted a breach of contract and a breach of fiduciary duty. (Compl. ¶¶ 26-27, 41-42.) Plaintiffs allege that, as a result of Fifth Third's actions, they have suffered damages of $3,818,439.00, consisting of the Marina's estimated lost profits and appraised business value. (*Id.* ¶¶ 31-33, 46-48.) Fifth Third filed the instant motion for partial dismissal and a more definite statement on May 25, 2012.

## II. DISCUSSION

### A. Motion to Dismiss

Fifth Third first requests dismissal of the claims brought by Van Sickle and the Marina on the grounds that they belong to those Plaintiffs' bankruptcy estates and can only be brought by the estates' trustee. After an individual or entity files for bankruptcy, "'[i]t is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property "under the Bankruptcy Code"—vests in the trustee for the benefit of the estate.'" *Bauer v. Commerce Union Bank, Clarksville, Tenn.*, 859 F.2d 438, 441 (6th Cir. 1988) (quoting *Jefferson v. Miss. Gulf Coast YMCA*, 73 B.R. 179, 181-82 (S.D. Miss. 1986)). Thereafter, the trustee appointed to administer the debtor's estate "has the exclusive right to assert the debtor's claim." *Honigman v. Comerica*

*Bank (In re Van Dresser Corp.)*, 128 F.3d 945, 947 (6th Cir. 1997). This established rule applies regardless of whether a debtor discloses a potential claim to the bankruptcy court. *See Rankin v. Brian Lavan & Assocs., P.C. (In re Rankin)*, 438 F. App'x 420, 425 (6th Cir. 2011).

The complaint alleges that Van Sickle and the Marina acquired their claims against Fifth Third in 2007, well before they filed for bankruptcy in January 2010. Defendant is correct that those claims are the property of Van Sickle's and the Marina's bankruptcy estates, and only the trustee of those estates can pursue them. Thus, Van Sickle's and the Marina's attempt to bring this suit violates Federal Rule of Civil Procedure 17(a)(1)'s requirement that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1); *see also Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne*, 26 F.3d 39, 42-43 (6th Cir. 1994) ("Under [Rule 17(a)], the real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law."). Neither Van Sickle nor the Marina is a proper plaintiff in this action, and their claims should be dismissed.[2]

---

[2]Fifth Third argues that dismissal is appropriate for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and, alternatively, for failure to state a claim under Rule 12(b)(6). The difference between these approaches appears to rest on whether a decision that the bankruptcy trustee has the exclusive right to pursue the instant claims equates to a conclusion that Van Sickle and the Marina lack standing to prosecute this action. No clear answer emerges in the case law; some authority does characterize this proper-party inquiry in terms of Article III standing, *see, e.g.*, *Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126-27 (8th Cir. 1998), while in the past this court has considered it a real-party-in-interest determination under Rule 17(a)(1), *see, e.g.*, *Rodriguez v. Mustang Mfg. Co.*, No. 07-CV-13828, 2008 WL 2605471, at *2-3 (E.D. Mich. June 27, 2008); *cf. Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531-32 (6th Cir. 2002) (noting "distinction between questions of Article III standing and Rule 17(a) real party in interest objections"). The court need not grapple with this question, however. In the instant case, it makes no difference whether Fifth

4

Van Sickle and the Marina do not dispute that their claims predate their bankruptcy filings, nor do they contest the general rule that prepetition claims become property of the bankruptcy estate. Instead, they ask that the court refrain from dismissal until they can ascertain whether the trustee has abandoned their claims, in which case they would be entitled to proceed. *See Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006) ("A Trustee in bankruptcy may abandon worthless or low value assets, including legal claims, *see* 11 U.S.C. § 554, and if the Trustee had abandoned this claim then [the debtor] could have prosecuted the suit in his own name."). Such a delay is unnecessary. Under the Bankruptcy Code, a trustee may abandon property of the estate only after a notice to creditors and a hearing, 11 U.S.C. § 554(a), neither of which occurred in Van Sickle's or the Marina's bankruptcy proceedings. And while *scheduled* assets are abandoned to the debtor if not otherwise administered prior to the closing of a bankruptcy case, *id.* § 554(c), Van Sickle and the Marina did not report their claims to the bankruptcy court. It is therefore clear from the bankruptcy court record that the

---

Third's argument is considered under Rule 12(b)(1) or 12(b)(6). The salient distinctions between a 12(b)(1) and a 12(b)(6) motion—for example, the allocation of the burden of proof and the court's ability to review evidence outside the pleadings, *compare Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (recounting that on Rule 12(b)(1) motion plaintiff has burden of proving jurisdiction and court may consider evidence outside the pleadings), *with Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (confirming that on Rule 12(b)(6) motion court looks only to the complaint and limited "other sources" like "documents incorporated into the complaint by reference, and matters of which a court make take judicial notice")—have no impact on the disposition of Fifth Third's motion. Fifth Third prevails even if it has the burden of proving that the complaint fails to state a claim for relief. Furthermore, the court may take judicial notice of the bankruptcy court documents on which Fifth Third relies in the context of a 12(b)(6) determination. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008).

5

trustee did not abandon Van Sickle's or the Marina's claims against Fifth Third, and those claims remain the property of their bankruptcy estates.

Neither is the court required to provide Van Sickle and the Marina additional time to reopen their bankruptcy proceedings and determine whether the trustee wishes to be substituted as the real party in interest. Although, as Plaintiffs point out, Rule 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action," Fed. R. Civ. P. 17(a)(3), this provision is inapplicable "when the determination of the right party to bring the action was not difficult and when no excusable mistake has been made." 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, *Federal Practice and Procedure* § 1555 (3d ed.); *see also Gardner v. State Farm Fire Ins. & Cas. Co.*, 544 F.3d 553, 563 (3d Cir. 2008); *United States ex rel. Wulff v. CMA, Inc.*, 890 F.2d 1070, 1075 (9th Cir. 1989). As discussed above, it is clearly established that the instant claims belonged to Van Sickle's and the Marina's bankruptcy estates, and the trustee is the real party in interest. *See Bauer*, 859 F.2d at 441; *Van Dresser*, 128 F.3d at 947. Under these circumstances, further delaying dismissal under Rule 17(a)(3) is not warranted. *See Rodriguez*, 2008 WL 2605471, at *3-4.

Although Van Sickle and the Marina are not entitled to a stay before the court dismisses their claims from the current litigation, they are correct that the dismissal should be without prejudice. Fifth Third seeks dismissal of Van Sickle's and the Marina's claims on the grounds that the wrong party is asserting them. This is not an adjudication on the merits that would make a dismissal with prejudice appropriate. *See*

6

*Biesek*, 440 F.3d at 413-14 (acknowledging harm that befalls creditors when court attaches preclusive effect to dismissal of undisclosed claims bankruptcy debtor later attempts to raise); *cf. Pratt v. Ventas, Inc.*, 365 F.3d 514, 522-23 (6th Cir. 2004) (holding that dismissal under Rule 12(b)(6) that was "jurisdictional in nature" was "without prejudice").[3]  The court will grant Fifth Third's request for partial dismissal and dismiss without prejudice the claims of Van Sickle and the Marina.

### B.  More Definite Statement

Fifth Third has also moved for a more definite statement of the complaint in regards to Mucho Tiempo's interest in the accounts at issue as well as the damages suffered by Mucho Tiempo as a result of Fifth Third's allegedly wrongful conduct.  *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.").  In their response to Fifth Third's motion, Plaintiffs "agree to file an amended complaint that more succinctly sets the

---

[3]Although Fifth Third belatedly asserts in its reply brief that the court should dismiss the claims with prejudice on judicial-estoppel grounds, *see, e.g., White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472 (6th Cir. 2010), this argument will not be considered due to Fifth Third's failure to raise it in the principal motion, *see Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 682-83 (E.D. Mich. 2002) ("[I]t is not the office of a reply brief to raise issues for the first time." (citing *United States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir. 1993))).  Regardless, the judicial-estoppel question is arguably rendered moot by the decision to dismiss the claims based on the real-party-in-interest objection.  *See Piper v. Dollar Gen. Corp.*, No. 3:11-554, 2011 WL 4565432, at *6 (M.D. Tenn. Sept. 29, 2011) ("While the Sixth Circuit has not reached this issue, several circuit courts have concluded that, even if judicial estoppel would have barred the plaintiff from asserting her claims, the question is essentially moot because the claims should not have been asserted by the plaintiff in the first place, but, rather, they should have been asserted by the bankruptcy estate through the trustee, which is the 'real party in interest.'" (citing Fed. R. Civ. P. 17(a))).

standing and damages suffered by Mucho Tiempo." (Pl.'s Resp. to Def.'s Mot. Dismiss 11, Dkt. # 9.)  Given this acquiescence to Fifth Third's request, the court will likewise grant Fifth Third's motion for a more definite statement.

### III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's "Motion for Partial Dismissal and for More Definite Statement" [Dkt. # 4] is GRANTED.

IT IS FURTHER ORDERED that the claims of Plaintiffs Douglas Van Sickle and Zukey Lake Marina, Inc., are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff Mucho Tiempo Enterprises, LLC, is DIRECTED to file a more definite statement of its remaining claims on or before **August 20, 2012**.

           s/Robert H. Cleland  
           ROBERT H. CLELAND  
           UNITED STATES DISTRICT JUDGE

Dated:  August 6, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 6, 2012, by electronic and/or ordinary mail.

           s/Lisa G. Wagner  
           Case Manager and Deputy Clerk  
           (313) 234-5522